UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ANDY BEACHY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 3:15-CV-184 |
| | ) |
| **RELIANCE CONSTRUCTION, INC.** | ) |
| **and LEVI BEACHY** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiff, Andy Beachy ("Plaintiff"), by counsel, brings this action against Defendants Reliance Construction, Inc. ("Reliance"), and Levi Beachy (together "Defendants"), for failure to pay overtime in violation of 29 U.S.C. §207, *et. seq.*, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

## PARTIES

2. Plaintiff is an individual who resides in Elkhart County, Indiana. Defendants employed Plaintiff within the three-year period preceding the filing of this Complaint. Plaintiff was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Reliance is an Indiana domestic corporation located in Nappanee, Indiana. Reliance acted, directly or indirectly, in the interest of an employer with respect to Plaintiff. Reliance is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Levi Beachy is an owner, member and/or officer Reliance. Levi Beachy exercised operational control over Reliance; controlled significant business functions of

Reliance; and acted on behalf of and in the interest of Reliance in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint.  Levi Beachy is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Plaintiff has asserted a claim arising under federal law.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.  Venue is appropriate in the Northern District of Indiana because the wage and hour violations at issue in this case occurred in this District.

## COVERAGE

7. At all times hereinafter mentioned, Plaintiff was engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 207.

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had

and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

10. Defendants provide construction services in Indiana.

11. Defendants employed Plaintiff from approximately January 2012 through June 2014. During the relevant time period, Defendants employed Plaintiff as a laborer.

12. Defendants paid Plaintiff a base hourly rate.

13. Plaintiff regularly worked in excess of forty (40) hours per week ("overtime hours"), but was not compensated for all overtime hours at the rate required by the FLSA because he was paid his regular rate of pay for all hours worked.

14. Defendants knew that Plaintiff regularly worked overtime hours.

15. Defendants' conduct in not paying Plaintiff overtime compensation was willful and in bad faith.

## COUNT I:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16. Plaintiff hereby incorporates by reference paragraphs 1-15 of his Complaint.

17. During the relevant time period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 by employing Plaintiff for workweeks longer than forty hours without compensating Plaintiff for his employment in excess of forty hours per week at a rate not less than one and one-half the regular rate of pay for which he was employed.  Defendants have acted willfully, or with reckless disregard, in failing to pay Plaintiff in accordance with the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands:

a.      An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime due to Plaintiff and for liquidated damages in an amount equal to the unpaid compensation found due to Plaintiff;

b.      An Order awarding Plaintiff his attorneys' fees and costs of this action; and

c.      An Order granting such other and further relief as may be necessary and appropriate.

s/ Robert J. Hunt
Robert J. Hunt (#30686-49)

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS LEGAL GROUP, P.C.
3091 E 98th St, Suite 280
Indianapolis, Indiana 46280
Telephone:   (317) 706-1100
Facsimile:    (317) 623-8503
E-Mail: phil@gibbonslegalgroup.com
          rob@gibbonslegalgroup.com

Attorneys for Plaintiff