# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANDY BEACHY, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 3:15-CV-184-TLS |
| RELIANCE CONSTRUCTION, INC. and LEVI BEACHY, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a joint motion by the Plaintiff, Andy Beachy, and the Defendants, Reliance Construction, Inc., and Levi Beachy. On November 3, 2015, the parties filed a Joint Motion to Approve Confidential Settlement and Dismiss Lawsuit With Prejudice [ECF No. 16], and a Joint Motion to File and Maintain Confidential Settlement and Release Agreement Under Seal [ECF No. 14].

## BACKGROUND

On April 28, 2015, the Plaintiff filed a complaint [ECF No. 1] against the Defendants under the Fair Labor Standards Act ("FLSA") seeking to recover overtime wages that the Plaintiff alleged were owed to him. On June 19, 2015, the Defendants filed an answer [ECF No. 9] contesting that the Plaintiff was owed any overtime wages. The Plaintiff alleged that the Defendants violated the FLSA when they paid him at the regular rate of pay for all hours worked, even though the Plaintiff regularly worked in excess of forty hours per week.

The Court has reviewed the Confidential Settlement and Release Agreement [ECF No. 15], which was filed under seal for this Court's in camera review. The Settlement Agreement sets

forth the parties' agreements with respect their claims against each other.

## ANALYSIS

Stipulated settlements in an FLSA case for the recovery of unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the Secretary of Labor. *See* 29 U.S.C. § 216(c). The governing provision provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

*Id.* "[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id.* Because the Secretary has not supervised this settlement, the Court must approve it.

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (citations, brackets, and quotation marks omitted). The reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and

where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494(DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

The Plaintiff alleges that the Defendants failed to comply with the overtime provision when they required the Plaintiff, as a nonexempt employee, to work in excess of forty hours per week. The Defendants have denied any wrongdoing. Serious questions of law exist surrounding whether the Plaintiff qualifies as an employee or an independent contractor during the time he provided services to the Defendants. In light of these issues, the value of an immediate recovery outweighs the mere possibility of further relief after litigating the matter further at the trial court level. The litigation has not yet reached the expensive realm of dispositive motions or trial, and the parties indicated they would incur further expense and risk on appeal.

Additionally, the parties are represented by counsel, who have negotiated in good faith and at arm's length.

Finding that the settlement is fair and reasonable, and "reflects a reasonable compromise of disputed issues," *Burkholder,* 750 F. Supp. 2d at 995, the Court approves the Confidential Settlement and Release Agreement.

The Court also finds that the agreement's confidentiality is a material term in the parties' Confidential Settlement and Release Agreement, which the parties would have otherwise executed as a private, confidential settlement agreement.

## CONCLUSION

For the reasons stated above, the Court GRANTS the parties' Joint Motion [ECF No. 16] and approves the Confidential Settlement and Release Agreement [ECF No. 15]. The Court also GRANTS the Joint Motion to File and Maintain Confidential Settlement and Release Agreement Under Seal.

SO ORDERED on November 6, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION